IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §   CRIMINAL CASE NO. 3:13-CR-386-B |
| | § |
| ANASTASIO NICK LAOUTARIS, | § |
|     #47066-177, | § |
|     DEFENDANT. | § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Anastasio Nick Laoutaris's pro se *Motion for Immediate Release* due to "the great devastation the Corona Virus is causing to our country," Doc. 173, and pro se *Motion for Immediate Release in Order to Join COVID-19 Task Force*, Doc. 175, which were referred to the United States Magistrate Judge under 28 U.S.C. § 636(b), Doc. 174, 176. As detailed here, the motions should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and, alternatively, for failure to exhaust administrative remedies.

Laoutaris seeks immediate release from confinement "to join the United States military (special forces) in order to contribute to this wonderful nation in these times of need." Doc. 173 at 1. He avers that he "can use his skills in computer science, aerospace, aviation and foreign languages to physically defend our borders but also contribute in research." *Id.*; *see also* Doc. 175 at 1. However, he provides no authority to justify his immediate release or sentence reduction.

As an initial matter, Laoutaris fails to identify any statutory authority for his sentence modification and release from confinement. Consequently, the Court lacks jurisdiction to entertain his motions. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (denying

motion for reduction of sentence, which was unauthorized, and the district court was without jurisdiction to entertain).

However, in the event Laoutaris seeks modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), he is not entitled to relief. As relevant here, that statute permits modification of a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Guidelines list only a medical condition, old age, the death or incapacitation of the caregiver of a minor child, or the incapacitation of the defendant's spouse as extraordinary and compelling reasons for a sentence modification. USSG § 1B1.13, comment. (n.1(A)-(D)). But before even seeking relief under Section 3582(c)(1)(A), a petitioner must exhaust all administrative remedies. 18 U.S.C. § 3582(c)(1)(A) (amended by the First Step Act to provide the court may reduce a sentence "upon motion of the defendant *after the defendant has fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier" (emphasis added)).

Here, Laoutaris has offered no proof that he exhausted all administrative remedies. Nor has he identified any extraordinary or compelling reasons for a sentence reduction consistent with the Sentencing Guidelines Policy Statement. Thus, he also is not entitled to relief under Section 3582(c)(1)(A).

For the foregoing reasons, Laoutaris's *Motion for Immediate Release*, Doc. 173, and *Motion for Immediate Release in Order to Join COVID-19 Task Force*, Doc. 175, should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and, alternatively, for failure to exhaust administrative remedies.

**SO RECOMMENDED** on April 17, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).